# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL STEVEN BENCHOFF, JR., <br><br> Plaintiff, <br><br> v. <br><br> POLICE DEPARTMENT, JUDICIAL PROCESS, FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants. | Case No. 3:25-cv-00076-SLG |
| PAUL STEVEN BENCHOFF, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG GROUP/SAMSUNG ELECTRONICS, and GCI, <br><br> Defendants. | Case No. 3:25-cv-00106-SLG |

## ORDER OF DISMISSAL UPON SCREENING

On April 2, 2025 and June 2, 2025, self-represented litigant Paul Steven Benchoff, Jr. ("Plaintiff") filed the above-captioned civil actions. In each case, he filed a Motion for Leave to Proceed in forma pauperis. Upon review, the two cases have similar deficiencies and contain overlapping claims and related factual allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Construed liberally, Plaintiff's filings appear to allege that he has been subjected to cyber-attacks, personal injury, and the violation of "all" of his civil rights.[1] For relief in Case 106, Plaintiff seeks damages in the amount of $100,000,000, punitive damages in the amount of $100,000,000, and an order requiring defendants to "accept responsibility and work on correcting the problem."[2] For the reasons discussed in this order, Plaintiff's Complaints fail to state any cognizable claims. The Court also finds the claims to be frivolous, because the factual allegations are "wholly incredible" and contradicted by the medical records attached to the Complaint in Case 106.[3] The Court further finds that according leave to amend to attempt to state a plausible cause of action in either case would be futile. Therefore, both cases are DISMISSED with prejudice.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee. In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

---

[1] *Benchoff v. Police Department, et al.,* Case No. 3:25-cv-00076-SLG ("Case 76"), Dockets 1–3; Docket 5 at 2; *Benchoff v. Samsung Group,* Case No. 3:25-cv-00106-SLG ("Case 106"), Docket 1.

[2] Case 106, Docket 1 at 6–7.

[3] *Denton v. Hernandez*, 504 U.S. 1728, 1733 (1992).

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 2 of 8
Case 3:25-cv-00106-SLG   Document 5   Filed 08/07/25   Page 2 of 8

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept what is pled in a complaint as true "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[6] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8]

## DISCUSSION

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Denton,* 504 U.S. at 33.

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 3 of 8
Case 3:25-cv-00106-SLG    Document 5    Filed 08/07/25    Page 3 of 8

## I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[9] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[10] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state a claim to relief that is plausible on its face."[11] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

If a federal court dismisses a complaint, then ordinarily, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[13] A district court may on its own initiative dismiss a complaint prior to responsive

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[12] *Iqbal,* 556 U.S. at 678.

[13] *Lopez v. Smith,* 203 F.3d at 1127.

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 4 of 8
Case 3:25-cv-00106-SLG   Document 5   Filed 08/07/25   Page 4 of 8

pleadings if the complaint is frivolous.[14]  A complaint is frivolous if it "lacks an arguable basis either in law or in fact[.]"[15]

## II. Screening Review of Plaintiff's Claims

As evidenced in his filings in Case 76, Plaintiff believes that his "cellular devices are being continuously hacked and reorganized" by "Police Department," "Judicial Process," and the "Federal Bureau of Investigation."[16]  In Case 106, he alleges that his Samsung flip phone "burn[ed] through the whole left side of [his] face, hands and body either due to[ ] direct negligence of someone with Bluetooth sendings or due to the network carrier itself."[17]  In Case 106, Plaintiff names Samsung Group, Samsung Electronics, and GCI as Defendants, and asserts that as a result of their negligence, he was injured on May 21, 2025 by his cell phone. Plaintiff has also attached photos showing a rash on his hands and face and medical records to the Case 106 Complaint.  The medical records indicate that Plaintiff was diagnosed with a skin infection by the Alaska Regional Emergency Department on May 23, 2025, was instructed to apply a prescription cream to treat

---

[14] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[15] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[16] Case 76, Dockets 1–3; Docket 5 at 2.

[17] Case 106, Docket 1.

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 5 of 8
Case 3:25-cv-00106-SLG   Document 5   Filed 08/07/25   Page 5 of 8

the bacterial infection, and was provided a handout with information about Impetigo, a common bacterial infection of the skin.[18]

The Court has carefully reviewed all of Plaintiff's filings. Even liberally construed, Plaintiff's claims lack an arguable basis in law and fact. Plaintiff fails to allege any plausible facts supporting his conclusory allegations, and he submits medical records that directly contradict his claims. The Court finds Plaintiff's filings to be frivolous because his allegations in both Complaints are wholly incredible.[19] Because there are no additional facts consistent with either Complaint that could possibly cure this deficiency, the Court finds that allowing leave to file an amended complaint would be futile.[20] Therefore, the Court will not grant leave to file an amended complaint in either case.

### III. Plaintiff's motion to seal Case 76

In Case No. 3:25-cv-00076-SLG ("Case 76"), Plaintiff filed a motion to seal Case 76 and to accept additional exhibits to that case under seal.[21] The Clerk sealed the motion at Docket 5 and the exhibits at Docket 5-1 and docketed a publicly available copy of the motion at Docket 6.

---

[18] Case 106, Docket 1 at 8–20.

[19] *Denton,* 504 U.S. at 33.

[20] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). *Cf. McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (a complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims.").

[21] Docket 5.

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 6 of 8
Case 3:25-cv-00106-SLG    Document 5    Filed 08/07/25    Page 6 of 8

In general, the public has a right "to inspect and copy public records and documents, including judicial records and documents."[22] Although access to judicial records is not absolute, there is a "strong presumption in favor of access."[23] "[A] court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture."[24] The Court can order the unsealing or redaction of any sealed document for the public record.[25]

Here, Plaintiff filed multiple pages of bank statements and tax documents under seal at Docket 5-1 in Case 76. Although these documents are not necessary at the screening stage, in the interest of protecting Plaintiff's privacy, Docket 5 and 5-1 will remain under seal. However, Plaintiff's motion is only GRANTED in part. The Court will not seal that entire case.

**IT IS THEREFORE ORDERED**:

1. Case Nos. 3:25-cv-00076-SLG and 3:25-cv-00106-SLG are both **DISMISSED with prejudice.**

2. Plaintiff's motion at **Docket 6 in Case No. 3:25-cv-00076-SLG is**

---

[22] *Kamakana v. Cty. and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation and citation omitted).

[23] *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).

[24] *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096–97 (9th Cir. 2016) (internal quotation, alteration, and citation omitted).

[25] Alaska Local Civil Rule 7.3(f)(7).

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 7 of 8
Case 3:25-cv-00106-SLG   Document 5   Filed 08/07/25   Page 7 of 8

**GRANTED in part; Docket 5 and 5-1 will remain under seal, but the Court will not seal the entire case.**

3. All pending motions in both cases are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment in each case and close both cases.

DATED this 7th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case Nos. 3:25-cv-00076-SLG, 3:25-cv-00106-SLG
Order of Dismissal Upon Screening
Page 8 of 8
Case 3:25-cv-00106-SLG   Document 5   Filed 08/07/25   Page 8 of 8